IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD O'DOM,

   Plaintiff,

     v.

RALPH T. HUDGENS
in his individual capacity, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:16-CV-3911-TWT

**OPINION AND ORDER**

This is a civil rights action. It is before the Court on the Defendants Ralph T. Hudgens and Donald Roof's Motion for Judgment on the Pleadings [Doc. 5]. For the reasons set forth below, the Defendants' Motion for Judgment on the Pleadings [Doc. 5] is GRANTED.

**I. Background**

The Plaintiff Richard O'Dom was the owner of Southern Casualty Insurance Company ("SCIC").[1] On September 29, 2010, SCIC was placed under administrative supervision pursuant to an Administrative Supervision Order signed by Georgia's

---

[1] Compl. ¶ 7.

Insurance Commissioner, John Oxendine.[2] A few months later, the Defendant Ralph T. Hudgens became Georgia's Insurance Commissioner.[3] The Defendant Donald Roof was the appointed Administrator of SCIC.[4] The Plaintiff states that while SCIC was under administrative supervision, he personally met with the Defendants to discuss infusing SCIC with additional capital and surplus in order to bring the company out of administrative supervision.[5] He arranged for an investor to contribute between $7 million and $12 million, "which would have cured any capital surplus issue that had precipitated the need for administrative supervision."[6] However, the Defendants rejected the Plaintiff's recapitalization plan, insisting that SCIC needed a significantly higher capital infusion.[7] The Plaintiff contends that the Defendants' rejection was arbitrary and effectively forced SCIC into liquidation.[8] Thus, according to the Plaintiff, the Defendants stripped him of his ownership interest in SCIC without just compensation or due process of law.

---

[2] Id. ¶¶ 8, 15.

[3] Id. ¶ 18.

[4] Id. ¶ 8.

[5] Id. ¶¶ 21-24.

[6] Pl.'s Resp. Br., at 3; Compl. ¶¶ 25-26.

[7] Compl. ¶ 28.

[8] Id. ¶¶ 29-32.

SCIC was placed into liquidation on March 20, 2013.[9] SCIC management consented to the liquidation by entering into a Consent Order of Liquidation through which SCIC was declared insolvent.[10] Under the Consent Order, Hudgens was appointed Liquidator of SCIC, and Roof was appointed as Deputy Liquidator.[11] The entry of the Consent Order also vested title to all of SCIC's assets in Hudgens.[12]

On March 18, 2015, Hudgens, on behalf of the State of Georgia, brought suit against the Plaintiff and eleven other defendants in the Superior Court of Fulton County.[13] Hudgens alleged various tort claims related to the operations, management, and financing of SCIC.[14] On July 27, 2015, O'Dom responded by filing an answer, a motion to dismiss, and a third-party complaint for damages against the Defendants in

---

[9] Id. ¶¶ 17, 32.

[10] See Defs.' Mot. for J. on the Pleadings, Ex. A. The Court's consideration of the Consent Order does not convert the instant Motion into a summary judgment motion. The Consent Order is a public record. See Ricketts v. Bank of Am., N.A., No. 1:12-CV-04034-RWS, 2013 WL 3191077, at *1 n.1 (N.D. Ga. June 21, 2013) ("The court may take judicial notice of public records not attached to the Complaint . . . when considering a motion to dismiss.").

[11] Compl. ¶ 32.

[12] Id. ¶ 35.

[13] See Pl.'s Resp. Br., at 4.

[14] Id.

their individual capacities.[15] The third-party complaint alleged the same constitutional claims as alleged in the instant Complaint.[16] The Defendants moved to dismiss.[17] On June 29, 2016, the Fulton County Superior Court granted the Defendants' motion, dismissing the third-party complaint without prejudice.[18] The Superior Court concluded that the Plaintiff had asserted direct causes of damages instead of secondary or derivative liability.[19]

On September 8, 2016, the Plaintiff re-filed his constitutional claims against the Defendants in Fulton County Superior Court.[20] The Defendants then removed the action to this Court.[21] As noted above, the Plaintiff alleges that he was stripped of his ownership interest in SCIC and was not provided just compensation.[22] He alleges that

---

[15] See Pl.'s Resp. Br., Ex. A.

[16] Id.

[17] Id., Ex. B.

[18] Id.

[19] Id.

[20] See [Doc. 1], Ex. A.

[21] Id.

[22] Compl. ¶¶ 36-38.

the Defendants' actions violated his rights under the Georgia and United States Constitutions.[23] The Defendants move for judgment on the pleadings.

## II. Legal Standard

A motion for judgment on the pleadings is subject to the same standard as is a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[24] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[25] In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff.[26] Generally, notice pleading is all that is required for a valid

---

[23] Id. ¶¶ 39-62.

[24] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

[25] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted).

[26] See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

complaint.[27] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[28]

### III. Discussion

The Defendants contend that the Plaintiff's federal claims are barred by the applicable statute of limitations. "Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations period governing personal injury actions in the state where the action is brought."[29] In Georgia, the statute of limitations for personal injury actions is two years.[30] However, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."[31] Under federal law, in § 1983 claims, "the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to

---

[27] See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[28] See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

[29] Wellons v. Commissioner, Ga. Dept. of Corr., 754 F.3d 1260, 1263 (11th Cir. 2014) (citing Crowe v. Donald, 528 F.3d 1290, 1292 (11th Cir. 2008)).

[30] O.C.G.A. § 9-3-33; Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).

[31] Wallace v. Kato, 549 U.S. 384, 388 (2007).

a person with a reasonably prudent regard for his rights."[32] Thus, § 1983 claims "do not accrue until the plaintiff knows or has reason to know that he has been injured."[33]

The Defendants contend that, based on allegations in the Complaint, the Plaintiff's claims accrued – at the latest – on March 20, 2013, the day SCIC was placed into liquidation. The Plaintiff does not challenge that accrual date. Thus, the statute of limitations for the Plaintiff's federal claims expired on March 20, 2015. The Plaintiff did not file the instant action in Fulton County Superior Court until September 8, 2016. Consequently, the Plaintiff's federal claims should be time barred.

The Plaintiff, however, contends that his claims are saved by Georgia's renewal statute – O.C.G.A. § 9-2-61(a). The renewal statute allows a plaintiff to re-file an action in either state or federal court within six months of dismissal:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . .[34]

---

[32] Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (quoting Calhoun v. Alabama Alcoholic Beverage Control Bd., 705 F.2d 422, 425 (11th Cir. 1983)).

[33] Id.

[34] O.C.G.A. § 9-2-61(a).

According to the Plaintiff, because the Defendants never asserted a statute of limitations defense in response to the third-party complaint, the original action should be deemed as timely filed.[35] As a result, after the claims were dismissed without prejudice, he had up to six months to re-file his claims. The Fulton County Superior Court dismissed his third-party complaint on June 30, 2016, and he filed the instant action on September 8, 2016, well within the six-month window.

But in order to utilize Georgia's renewal statute, the original action must be filed within the applicable statute of limitations. O.C.G.A. § 9-2-61(a) does not note any exceptions to this rule. Thus, irrespective of the Defendants' purported waiver,[36] the Plaintiff did not bring the third-party complaint within the applicable statute of limitations. The Plaintiff therefore cannot use the renewal statute to file the instant action.[37] The Court finds that the Plaintiff's federal claims are barred by the statute of limitations.

---

[35] Pl.'s Resp. Br., at 9 n.3.

[36] The Plaintiff fails to allege the Defendants' waiver in his Complaint. The Plaintiff also fails to demonstrate waiver by attaching the Defendants' answer or motion to dismiss from the original Fulton County action.

[37] See Cotton v. NationsBank, N.A., 249 Ga. App. 606, 607 (2001) (finding that a plaintiff's claims were time barred because the original complaint was not filed within the applicable statute of limitations, meaning the plaintiff could not use the renewal statute to re-file his claims).

Next, the Plaintiff asserts both a due process claim and a takings claim under the Georgia Constitution.[38] The Court finds that both claims must be dismissed. The Plaintiff asserts his constitutional claims against the Defendants in their individual capacities. But there is no state law "equivalent of 42 U.S.C. § 1983."[39] Thus, the Plaintiff cannot bring suit against the Defendants in their individual capacities for violations of the Georgia Constitution. In response, the Plaintiff argues that "[t]he right to recover just compensation for the taking of private property is an express constitutional right under the Georgia Constitution, and therefore, no statutory waiver of sovereign immunity is required."[40] The Plaintiff's assertion is true if an individual is suing a government entity; sovereign immunity does not bar such inverse condemnation claims.[41] But the Plaintiff is asserting his claims against state officers

---

[38] The Plaintiff argues if the Court dismisses the federal-law claims, it should remand the state-law claims. The Court disagrees. Pursuant to 28 U.S.C. § 1367(a), the Court may exercise supplemental jurisdiction and adjudicate the claims. See Crosby v. Paulk, 187 F.3d 1339, 1352 (11th Cir. 1999) (noting that the district court has the *discretion* to dismiss state-law claims after all federal-law claims have been dismissed).

[39] Howard v. Miller, 222 Ga. App. 868, 872 (1996); see also Davis v. Standifer, 275 Ga. App. 769, 772 n.2 (2005).

[40] Pl.'s Resp. Br., at 9-10.

[41] See State Bd. of Educ. v. Drury, 263 Ga. 429, 430 (1993) ("Since the recovery of just and adequate compensation for private property which is taken for public purposes is itself an express constitutional right, sovereign immunity is not a viable bar to an action to enforce that right.").

in their individual capacities. The Plaintiff fails to cite a single case that involves a claim under the Georgia Constitution's takings provision asserted against a state officer in his or her individual capacity. The Plaintiff only cites cases in which a plaintiff asserted a claim against a state entity.[42] Because no individual capacity state-law claim exists, the Plaintiff's state-law claims should be dismissed.

## IV. Conclusion

For these reasons, the Court GRANTS the Defendants Ralph T. Hudgens and Donald Roof's Motion for Judgment on the Pleadings [Doc. 5].

SO ORDERED, this 31 day of August, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[42] See Pl.'s Resp. Br., at 10 (citing Drury, 263 Ga. at 430; C.F.I. Const. Co. v. Board of Regents of Univ. Sys. of Ga., 145 Ga. App. 471, 477 (1978)).